# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-2526

———————

Great West Casualty Company;          *
International Business &              *
Mercantile Reassurance Company,       *
                                      *
    Plaintiffs - Appellants,   *   Appeal from the United States
                                      *   District Court for the
    v.                          *   District of South Dakota.
                                      *
Travelers Indemnity Company,          *         **[UNPUBLISHED]**
                                      *
    Defendant - Appellee.       *

———————

Submitted:  February 12, 1997

Filed:  April 4, 1997

———————

Before MAGILL, BEAM, and LOKEN, Circuit Judges.

———————

PER CURIAM.

    First American Systems, Inc. ("FAS"), an independent insurance agency doing business in South Dakota, served as general agent for the parties to this action, plaintiffs Great West Casualty Company and its affiliate (collectively "Great West"), and defendant Travelers Indemnity Company ("Travelers").  Travelers was also FAS's major secured creditor.  FAS went into bankruptcy owing both Great West and Travelers substantial unremitted insurance premiums.  Great West sued Travelers, alleging that Travelers' actions as FAS's dominant secured creditor caused Great West's losses in the FAS bankruptcy, making Travelers liable to Great West for conversion, tortious interference with contract, negligence, and breach of fiduciary duty.

Applying South Dakota law, the district court[1] granted summary judgment in favor of Travelers, concluding (i) that Travelers did not have the degree of actual, total control over FAS needed to make Travelers liable for the debts of FAS; (ii) that Travelers is not liable in conversion because it did not exercise dominion and control over FAS's disbursement of insurance premiums to insurers such as Great West; (iii) that Travelers' actions as secured creditor did not tortiously interfere with FAS's disbursement of insurance premiums to Great West; and (iv) that Great West's negligence and fiduciary duty claims fail for lack of evidence that Travelers breached such duties.

On appeal, Great West argues that the district court erred in its application and interpretation of the South Dakota law of tortious interference and conversion, and that a genuine issue of material fact exists as to whether Travelers exercised actual control over the failing FAS. Having carefully considered the record and reviewed the grant of summary judgment *de novo,* we conclude that the district court correctly applied South Dakota law to the facts of this case viewed in the light most favorable to Great West. Accordingly, we affirm for the reasons stated in the court's Memorandum Opinion and Order dated May 9, 1996. <u>See</u> 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE RICHARD H. BATTEY, Chief Judge of the United States District Court for the District of South Dakota.